UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JOHN FRANCIS ARPINO,<br><br>　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>SHARRON HOWELL, et al.,<br><br>　　　　　　　　　　Defendants. | Case No.  3:13-cv-00213-MMD-WGC<br><br>ORDER |

Plaintiff has submitted a petition for an emergency injunctive order (dtk. No. 5).  A court may issue a temporary restraining order when the moving party provides specific facts showing that immediate and irreparable injury, loss, or damage will result before the adverse party's opposition to a motion for preliminary injunction can be heard.  Fed. R. Civ. P. 65.

Plaintiff is a prisoner at the Washoe County Detention Facility.  He presents two requests.  First, he wants access to a jail law library that contains legal references, statutes, case law, and federal codes, all written in plain text, to allow him to present a meaningful defense.  The Court takes judicial notice of the docket of the Second Judicial District Court in *State v. Arpino*, CR13-0259.[1]  Plaintiff is represented by counsel in that action, and representation by counsel is sufficient to satisfy plaintiff's right of

---

[1] http://www.washoecourts.com/index.cfm?page=casedesc&case_id=cr13-0259 (last visited May 10, 2013).

access to the courts. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). To the extent that plaintiff is alleging that the lack of a law library prevents him from commencing other actions, not only has he failed to allege that he is in danger of suffering immediate and irreparable injury, he has failed to allege any actual injury at all. *See Lewis v. Casey*, 518 U.S. 343, 348-53 (1996).

Second, plaintiff asks the Court to prohibit the Washoe County Sheriff's Department from disciplining him by use of secret rules and without giving him notice of the charges and a hearing. Plaintiff has not alleged any facts indicating that he is in danger of suffering immediate and irreparable injury. The Due Process Clause of the Fourteenth Amendment guarantees prisoners certain minimum protections in disciplinary proceedings. *See Wolff v. McDonnell,* 418 U.S. 539, 563-70 (1974). If jail officials violate those protections, the Court is capable of providing an ordinary remedy.

IT IS THEREFORE ORDERED that plaintiff's petition for an emergency injunctive order (dkt. no. 5) is DENIED.

DATED THIS 15th day of May 2013.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE