UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JOHN FRANCIS ARPINO,<br><br>   Plaintiff,<br><br>v.<br><br>SHARRON HOWELL, et al.,<br><br>   Defendants. | Case No. 3:13-cv-00213-MMD-WGC<br><br>ORDER |

Plaintiff, who is a prisoner at the Northern Nevada Correctional Center, has submitted an application to proceed *in forma pauperis* (dkt. no. 1) and a civil rights complaint pursuant to 42 U.S.C. § 1983. When plaintiff commenced this action, he was a prisoner at the Washoe County Detention Center. The financial information on the application (dkt. no. 1) is from that time, and it is now stale. Plaintiff will need to submit a new application to proceed *in forma pauperis*, along with a statement of his inmate account and a financial certificate signed by the correct prison official.

Plaintiff has submitted a motion to compel to surrender video evidence (dkt. no. 7). This motion is premature. If the action proceeds against the defendants, and if the defendants do not submit this evidence through the normal procedures of discovery, then plaintiff may renew the motion.

Plaintiff has submitted a motion or petition for an emergency injunction and an order to cease and desist (dkt. no. 12). Plaintiff claims that the level system used at the Northern Nevada Correctional Center is unconstitutional because it requires him to work

to be placed in the upper levels with more privileges and to receive a deduction from his sentence of six (6) days per month; plaintiff alleges that he is disabled and thus cannot receive these benefits. However, the issues raised in this motion are not germane to the complaint. The complaint alleges constitutional violations by staff members at the Washoe County Detention Center, and no employee of the Nevada Department of Corrections is a defendant. The Court denies this motion.

Plaintiff has submitted a motion or plea for intervention (dkt. no. 15). Plaintiff alleges a belief that the Court is not receiving any of the mail that he sends to it. He appears to believe that the law librarian at the Northern Nevada Correctional Center is withholding communications between him and the Court. He is incorrect. The Court has received numerous documents from plaintiff. The Court developed an electronic-filing program with the law library at the Northern Nevada Correctional Center, in part to cut down the photocopying expenses that inmates incur when serving documents upon defendants. Electronic filing also reduces the time it takes for a prisoners' documents to be seen by the Court and defendants, and it reduces the time for an order of the Court to reach prisoners.[1] The law librarian is not a party to this action, and none of plaintiff's allegations indicate that she is not following the procedures of the electronic-filing program. The Court has sent multiple documents to plaintiff through the electronic filing program. Plaintiff is not receiving them because plaintiff is refusing to receive them. This is nothing different than a prisoner who would refuse to accept physical mail from the Court. The Court denies plaintiff's motion.

Plaintiff has submitted motions to extend prison copywork limit (dkt. no. 17, 22). Plaintiff appears to be using a form motion for a habeas corpus petition, which this

---

[1] In another document (dkt. no. 9), plaintiff complains that electronic filing allows the attorney general to view documents filed with the Court before the Court views the documents. That is untrue. When a document is filed electronically, a notice is sent via e-mail simultaneously to the Court and to the parties.
It also is unclear whether the attorney general ever would appear in this action. The defendants are correctional officers and medical staff at the Washoe County Detention Center. Counsel other than the attorney general usually represents such defendants.

action is not. Nevertheless, an extension of the indigent photocopying limit for plaintiff is unnecessary. As noted just above, the electronic-filing program reduces, if not eliminates, the need for plaintiff to make photocopies of documents to serve upon the defendants.

Plaintiff has submitted a motion to provide him with the copy of the entire case record (dkt no. 21). Other than the complaint, of which the Court will send plaintiff a copy, the docket consists of nothing but plaintiff's allegations about the law librarian and the electronic filing.

Plaintiff has submitted a motion for the Court to provide plaintiff with a physical order allowing him to proceed *in forma pauperis* (dkt. no. 23). Attached is an application to proceed *in forma pauperis* with the same stale information. The Court denies this motion.

It is therefore ordered that the application to proceed *in forma pauperis* (dkt. no. 1) is denied without prejudice.

It is further ordered that plaintiff shall file another application to proceed *in forma pauperis*, accompanied by a signed financial certificate and a statement of his inmate account. The Clerk of the Court shall send plaintiff a blank application form for incarcerated litigants. In the alternative, plaintiff shall make the necessary arrangements to pay the filing fee of three hundred fifty dollars ($350.00), accompanied by a copy of this order. Plaintiff shall have thirty (30) days from the date on which this order is entered to comply. Failure to comply will result in the dismissal of this action.

It is further ordered that plaintiff's motion to compel to surrender video evidence (dkt. no. 7) is denied.

It is further ordered that plaintiff's motion or petition for an emergency injunction and an order to cease and desist (dkt. no. 12) is denied.

It is further ordered that plaintiff's motion or plea for intervention (dkt. no. 15) is denied.

It is further ordered that plaintiff's motions to extend prison copywork limit (dkt. no. 17, 22) are denied.

It is further ordered that plaintiff's motion to provide him with the copy of the entire case record (dkt no. 21) is granted in part. The Clerk of the Court shall send plaintiff a copy of the complaint.

It is further ordered that plaintiff's motion for the court to provide plaintiff with a physical order allowing him to proceed *in forma pauperis* (dkt. no. 23) is denied.

DATED THIS 6th day of December 2013.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE