UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| JOHN FRANCIS ARPINO, | Case No. 3:13-cv-00213-MMD-WGC |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| SHARRON HOWELL, et al., | |
| Defendants. | |

The Court dismissed this action because plaintiff did not file an application to proceed *in forma pauperis* with current financial information. Plaintiff has filed an untimely notice of appeal. The Court of Appeals has remanded for the limited purpose of determining whether letters from plaintiff dated April 16, 2014, or May 8, 2014, could be construed as motions to reopen the time to appeal pursuant to Rule 4(a)(6) of the Federal Rules of Appellate Procedure, or to consider whether to re-enter judgment in light of those letters.

Rule 4(a)(6) states:

> The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:
>
> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
>
> (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
>
> (C) the court finds that no party would be prejudiced.

The Court will not construe the letters as motions to reopen the time to appeal. First, the only way that plaintiff could not have received the notice of entry of the judgment is if plaintiff refused to accept the notice. The Court had noted in its earlier order (dkt. no. 25) that plaintiff was refusing to collect correspondence from the Court from the prison's law librarian. A letter that the Court received on December 26, 2013, indicates that plaintiff then did not collect a copy of that order. Plaintiff also did not collect the Court's minute order of April 16, 2014 (dkt. no. 32). Second, while the Court liberally construes documents from *pro se* litigants, it would require the Court to rewrite a request for a status check into a motion to reopen the time to appeal.

Nothing in the docket indicates that plaintiff refused to collect the minute order of May 8, 2014 (dkt. no. 35), and the Court will assume that plaintiff did receive the minute order. The minute order stated that plaintiff would be informed of any decision by the Court. No upcoming decision actually would occur, because the Court already had dismissed the action. Plaintiff, being *pro se,* might have interpreted the order to indicate that the case was open, notwithstanding the statement "WARNING: CASE CLOSED on 01/16/2014" on the accompanying notice of electronic filing. Under these circumstances, the Court will vacate and re-enter the judgment, and plaintiff will need to file a timely notice of appeal from the new judgment.

Plaintiff has filed a notice (dkt. no. 46), in which he complains that the law librarian at the Northern Nevada Correctional Center is giving him only the first page of Court documents.  However, the example that he uses, filed in the Court's docket at dkt. no. 39, is of a document that plaintiff himself filed with the Court. Plaintiff is responsible for keeping copies of the documents that he files with this Court. If the law librarian is providing plaintiff with only the first page of an order of this Court, after plaintiff has signed off to accept the order, then plaintiff needs to state that explicitly.

It is therefore ordered that the judgment entered on January 16, 2014 (dkt. no. 30), is vacated.

///

It is further ordered that the Clerk of the Court shall enter judgment in accordance with the Court's order of January 16, 2014 (dkt. no. 29).  Plaintiff is responsible for filing a timely notice of appeal from the new judgment

DATED THIS 6th day of October 2014.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE